IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ODESSA BUYCKS,

                Plaintiff,                           OPINION and ORDER

   v.

                                              12-cv-329-wmc

LATRICE HOGAN,
BONNIE THIELECKE and
JULIE MURDOCK,

                Defendants.

---

In this proposed civil action, plaintiff Odessa Buycks seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, alleging defendants terminated her employment after she received a false positive on a drug test. Magistrate Judge Crocker has already determined that Buycks may proceed without prepayment of costs. The next step is to screen her allegations to determine whether plaintiff's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2). Unfortunately for Buycks, her allegations indicate (1) the parties in suit are not citizens of different states; and (2) she has no facts suggesting that defendants terminated her for a reason that is illegal under federal law. Accordingly, the court must dismiss Buycks' proposed lawsuit for lack of subject matter jurisdiction.

ALLEGATIONS OF FACT[*]

Plaintiff Odessa Buycks worked for the Social Development Community for 10 years. In December 2010, the "Social Development Community" told its employees that they sold the building to another company, "Community Advocate," who would be taking over in January 2011.[1]

During December 2010, Buycks was in and out of the hospital and took "some time off" because her prescribed medication was making her feel worse. On December 27, 2010, she returned to the emergency room and was prescribed Cheratussin A.C.

After taking over in January, Community Advocate required all staff to take a drug test. Buycks tested positive. She explained to her supervisor about the medication and asked to speak with the head supervisor. After "getting the run around" and not hearing from anyone, Buycks took it upon herself to get tested. Unlike the drug test administered by Community Advocate, Buycks' "specimen test" from Concentra Medical came back negative.

On January 11, 2011, Buycks was told that she was no longer employed by Community Advocates because of her positive drug test. She was never shown the results of her drug test and has only used prescribed drugs in her lifetime.

---

[*] In a screening order, the court assumes plaintiff's allegations are true and reads the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[1] Plaintiff does not allege the legal form either of these entities have adopted (i.e., corporate, partnership, dba, etc.), but it is immaterial for screening purposes since she seeks to sue three individuals.

2

OPINION

Federal courts have limited jurisdiction, which means that they may hear a case only if the Constitution or Congress authorized it. Accordingly, in every case filed in federal court, the first task is to determine whether subject matter jurisdiction exists. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). Generally, a federal court may exercise jurisdiction over a case in only one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Jurisdiction over plaintiff's case is not present under § 1332. Plaintiff does not allege that she and defendants are citizens of different states; rather, she lists Wisconsin as both her address and that of the defendants.

Jurisdiction is also not present under § 1331. Plaintiff alleges that Community Advocate terminated her employment because she failed its drug test. Although the court assumes at this point that plaintiff was the victim of a false positive for an illicit drug, that is not sufficient to implicate federal law.

The general rule under Wisconsin law is that an employer may terminate an employee with whom it has no contractual obligations whenever and for whatever reasons it so desires: "for good cause, for no cause, or even for cause morally wrong, without being thereby guilty of legal wrong." *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 567, 335 N.W.2d 834 (1983). The Constitution and various federal statutes create

3

specific exceptions that prohibit discrimination against an employee because she is a member of a protected class, such as race or sex, has a disability, or took certain protected actions, such as taking leave covered by the Family and Medical Leave Act. *Id.* at 567-68, 335 N.W.2d at 837-88. Federal law does not, however, require employers to have "good cause" to fire someone. *Grayson v. O'Neill*, 308 F.3d 808, 820 (7th Cir. 2002) ("[W]e are not concerned with the correctness or desirability of reasons offered for employment decisions."); *Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 979 (7th Cir. 2000) ("Title VII is not a 'good cause' statute; it creates a remedy against invidious discrimination (or, as here, retaliation), not against caprice.").

Because plaintiff has not alleged that defendants terminated her employment for a reason made illegal under federal law, plaintiff's claim does not arise under federal law. Because plaintiff's complaint is not encompassed by § 1331 or § 1332, the court must, therefore, dismiss it for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly.

Entered this 24th day of June, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge